**ORDERED in the Southern District of Florida on** _11-30-10_.



_Raymond B. Ray, Judge_
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In Re: | CASE NO. 10-13056-RBR |
| MARK J. GINSBURG, | Chapter 11 |
| Debtor, | |
| | ADV. PRO. NO.: 10-02627-RBR |

MARK GINSBURG, Debtor-in-Possession and
NATIONWIDE LABORATORY
SERVICES, INC., a Florida corporation,

        Plaintiffs/Counterdefendants,

v.

JAY L. ENIS, JACK D. BURSTEIN,
STRATEGICA CAPITAL ASSOCIATES,
INC., SWP PALM BEACH, LLC, OREN LIEBER, RITTER
ZARETSKY & LIEBER, ROYAL TITLE
& ESCROW, INC., JOSHUA GLIKMAN, SHIBOLETH, LLP,
STEVEN COOK, SCOTT KRANZ, SUSAN ENIS and GILDA
BURSTEIN,

        Defendants/Counterplaintiffs/
        Third-Party Plaintiffs/
        Third-Party Counterdefendants,

v.

RICKI ROBINSON,

        Third-Party Defendant/Counterplaintiff
and

LENKA GINSBURG,

        Third-Party Defendant.
_____/

## MEMORANDUM OPINION AND ORDER DENYING NATIONWIDE'S MOTION TO DETERMINE LEGAL REPRESENTATION AND EXPANDING ROLE OF FINANCIAL OVERSEER TO INCLUDE MANAGEMENT OF LITIGATION

**THIS MATTER** came before the Court for hearing on October 28, 2010 at 9:30 a.m. upon *Nationwide's Motion to Determine Legal Representation* [ECF No. 110] (the "Motion") and the *Response in Opposition to Nationwide's Motion to Determine Legal Representation* [ECF No. 160] (the "Response") filed by Defendants/Counterplaintiffs/Third-Party Plaintiffs/Third-Party Defendants Jay Enis ("J. Enis"), Jack Burstein ("J. Burstein"), Strategica Capital Associates, Inc. ("Strategica"), Steven Cook ("Cook"), Scott Kranz ("Kranz"), Susan Enis ("S. Enis") and Gilda Burstein ("G. Burstein") (collectively, the "Strategica Defendants"). The Court, having reviewed the file and submissions of all interested parties, considered the arguments presented by counsel, and otherwise been duly informed, denies the Motion and directs court-appointed Financial Overseer Kenneth Welt to assume responsibility for defending and protecting the interests of Nationwide Laboratory Services, Inc. ("Nationwide") pending resolution of this Adversary Proceeding.

**I.**     **BACKGROUND**

Debtor/Plaintiff/Counterdefendant Mark Ginsburg ("Ginsburg") is the President of Nationwide and his estate owns a 25% interest in Nationwide. His sister, Dr. Ricki G. Robinson ("Robinson") also owns 25% of Nationwide. Together, Ginsburg and Robinson represent a 50% interest in Nationwide. S. Enis, G. Burstein, S. Kranz, and S. Cook (the "Strategica Shareholders") are each shareholders of Nationwide who collectively control the remaining 50% of the shares of Nationwide.

The Strategica Shareholders obtained their interest in Nationwide as part of a transaction by which Strategica was retained by Nationwide to provide financial advisory and business consulting services. This arrangement was memorialized in that certain Financial Advisory and Business Consulting Agreement dated as of September 26, 2006 (the "Consulting Agreement"). Although the parties do not dispute the existence of the Consulting Agreement, the nature and value of Strategica's performance

thereunder is at issue in this adversary proceeding.

The Strategica Shareholders and the Ginsburg Group entered into that certain Shareholders Agreement effective as of January 31, 2007 (the "Shareholders Agreement"). Pursuant to the Shareholders Agreement, each of the shareholders of Nationwide must vote for a pre-determined slate of four officers and four directors. Two of the officers and two of the directors consist of the Ginsburg Group and the remaining two officers and directors are J. Burstein and J. Enis, officers of Strategica. Again, the parties do not dispute the existence of the Shareholders Agreement, but Ginsburg (and, at Ginsburg's direction, Nationwide) are seeking to void the Shareholders Agreement or avoid the ownership interests of the Strategica Shareholders in Nationwide by bringing this adversary proceeding.

The Shareholders Agreement requires a majority vote of Nationwide's board of directors in order for Nationwide to undertake any matters relating to the management of its business or operations of any kind or nature whatsoever. Specifically, section 10.3 of the Shareholders Agreement provides:

> All matters relating to the management of the Corporation's business and operations of any kind or nature whatsoever shall be approved by a majority vote of Corporation's Board of Directors.

Similarly, any matters requiring or subject to shareholder approval must be approved by an 80% supermajority of shareholders, effectively giving any shareholder veto power over any issue put to the shareholders. Specifically, Section 10.5 of the Shareholders Agreement provides:

> All matters relating to the Corporation of any kind or nature whatsoever which require, or are otherwise subject to, the approval of the Shareholders shall in all events require an affirmative vote of the Shareholders owning not less than eighty (80%) percent of the total issued and outstanding Shares of the Corporation.

This adversary proceeding was commenced on February 12, 2010 by the filing of the Adversary Complaint [ECF No. 1] (the "Complaint") by Ginsburg and Nationwide. The law firm of Weiss Serota Helfman Pastoriza Cole & Boniske, P.L. ("Weiss Serota") signed the Complaint on behalf of Nationwide.

## II. DISCUSSION AND ANALYSIS

Nothing in the Complaint or elsewhere in the record suggests that Ginsburg obtained or attempted to obtain the approval of the board of directors or shareholders of Nationwide prior to Weiss Serota signing the Complaint on Nationwide's behalf and no party has heretofore represented otherwise. To the

contrary, after J. Enis and J. Burstein in their capacity as directors of Nationwide wrote to Weiss Serota to advise the firm that Nationwide had not properly authorized its retention, Weiss Serota agreed not to take any offensive action on Nationwide's behalf and, until now, stood down. In the interim, however, the Strategica Defendants have counterclaimed against Ginsberg and against Nationwide and discovery has been propounded. As a result, Nationwide must respond to discovery requests and to the Strategica Defendants' counterclaims or risk discovery sanctions or entry of a default judgment against it.[1]

Weiss Serota now affirmatively seeks authority to represent Nationwide in this adversary proceeding and acknowledges that it seeks to do so to represent the interests of Ginsburg and of Robinson. Transcript of 10/28/10 Hr'g at p. 11, l. 1-10. It is apparent to the Court that Weiss Serota intends primarily to follow Ginsburg's (and Robinson's directions) and is unlikely to take any position on behalf of Nationwide that is adverse to either of them.

The Court recognizes that neither the Ginsburg Group nor the Strategica Defendants are likely to elevate Nationwide's interests above their own. Under the terms of the Shareholders Agreement and in light of the 50/50 makeup of Nationwide's board of directors and the apparent deadlock arising from the split of the board of directors, neither side has the authority to utilize or squander the asset at the center of the dispute – Nationwide – or its resources against the other side. Accordingly, the Court concludes that placing control and management of Nationwide's role in this adversary in the hands of an independent third party with a mandate to protect and preserve Nationwide is in the best interests of all parties.

On September 29, 2010, this Court entered an order appointing Kenneth A. Welt as an independent Financial Overseer for Nationwide in adversary proceeding 10-02628-RBR. As Mr. Welt is already in place and familiar with Nationwide and its operations, the Court concludes that Mr. Welt is an appropriate neutral party to preserve and protect Nationwide's vital interests pending resolution of the disputes between the Ginsburg Group and the Strategica Defendants, utilizing counsel of Mr. Welt's choice.

---

[1] In order to temporarily forestall pending deadlines, this Court abated this adversary proceeding as to Nationwide [ECF No. 170].

### III. CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **ORDERS** and **ADJUDGES** as follows:

1. The Motion [D.E. 110] is **DENIED**.

2. The responsibilities of Kenneth A. Welt, presently the court-appointed Financial Overseer of Nationwide, are hereby enlarged and expanded as follows:

   a. Mr. Welt shall manage Nationwide's role in this adversary proceeding in a manner consistent with the protection and preservation of Nationwide and its assets pending resolution of the disputes among the Ginsburg Group and the Strategica Defendants and is authorized to retain legal counsel of his choosing in furtherance of same at the expense of Nationwide in this adversary proceeding.

   b. Mr. Welt shall: (i) have full authority to direct Nationwide's counsel with respect to the defense of all claims made against Nationwide including without limitation responding or objecting to discovery requests; and (ii) evaluating and directing counsel with respect to offensive claims by Nationwide against any party in order to protect vital interests of Nationwide but without preferring or favoring either the Ginsburg Group or the Strategica Shareholders over the other. Nationwide and its officers and directors are directed to cooperate with Mr. Welt in the discharge of these duties.

   c. Mr. Welt is authorized to settle or compromise any matter related to this adversary proceeding as it relates to Nationwide, provided, however, that any such settlement or compromise is subject to court approval and must be noticed to parties in interest pursuant to Fed. R. Bank. P. 9019 and such parties, including the Ginsburg Group and the Strategica Defendants, may object to any such settlement or compromise.

3. This Order is without prejudice to the right of any party to challenge by appropriate motion the authority of Nationwide or of Weiss Serota to have filed the Complaint or the right of Mr. Welt or Ginsburg to oppose any such motion on behalf of Nationwide if either of them deems it appropriate.

### #

**ORDER SUBMITTED BY:**

Mindy A. Mora, Esq.
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
200 S. Biscayne Blvd.
Suite, 2500
Miami, Florida 33131
Tel: (305) 374-7580
Fax: (305) 374-7593

Copies furnished to:

Mindy A. Mora, Esq.

Attorney Mora is directed to serve a copy of this Order on all interested parties who have not been served via CMECF, and file a certificate attesting to any such service.